1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable James L. Robart

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM and AMAZON WEB
SERVICES, INC.,

     Plaintiffs,

       -vs.-

UNILOC U.S.A, INC. and UNILOC
LUXEMBOURG S.A.,

     Defendants.

Case No. 2:17-cv-01307-JLR

**JOINT STATUS REPORT AND
DISCOVERY PLAN**

JOINT STATUS REPORT
AND DISCOVERY PLAN
Case No. 2:17-cv-01307-JLR

The parties certify they held the initial conference of counsel required under Federal Rule of Civil Procedure ("FRCP") 26(f) on November 30, 2017. As a result of this conference, the parties have consulted and developed this proposed discovery plan and status report. Pursuant to FRCP 26(f)(3), Local Civil Rule ("LCR") 16 and 26(f), and this Court's September 25, 2017 Order Regarding Initial Disclosures and Joint Status Report (Dkt. # 6), the parties jointly submit this Report.

**1.      Nature and Complexity of the Case:**

Plaintiffs Amazon.com, Inc. and Amazon Web Services, Inc. (collectively, "Amazon") filed a declaratory judgment action alleging that Amazon does not infringe U.S. Pat. Nos. 7,804,948, 7,853,000, and 8,571,194, (collectively, "the patents-in-suit") which are assigned to defendants Uniloc U.S.A. Inc. and Uniloc Luxembourg S.A. (collectively, "Uniloc"). The patents-in-suit are generally related to systems and methods for initiating a conference call.

This action is related to an earlier filed action Uniloc brought in the Eastern District of Texas on March 24, 2017.  In that earlier action, Uniloc asserted infringement of the patents-in-suit against Amazon Chime. Uniloc asserts that its allegations are based solely on functionality provided by Amazon and that its amended complaint and infringement contentions explicitly excluded any functionality provided by Microsoft from any allegation of infringement. Amazon disputes that there is any delineation between the various thin-client versions of Amazon Chime and that there is no way to separate Amazon Chime for Windows from any other version of Amazon Chime.

In both actions, Amazon asserts that it does not infringe the patents-in-suit and that Uniloc breached a license agreement ("the Microsoft agreement") to which Amazon is a third-party beneficiary, when it sued Amazon for infringement of the patents-in-suit in the Eastern District of Texas on March 24, 2017.

On August 29, 2017, Amazon filed the present suit and, simultaneously, moved to transfer the Eastern District of Texas case to the Western District of Washington pursuant to

JOINT STATUS REPORT AND
DISCOVERY PLAN – 1
Case No. 2:17-cv-01307-JLR

1    the venue provision of the Microsoft agreement. That motion is pending before Judge Gilstrap.

2    Uniloc stipulated to permit Amazon to dismiss without prejudice this action pending a decision

3    on the motion to transfer the Texas case. Amazon declined Uniloc's offer.

4           On October 19, 2017, Uniloc moved to dismiss, transfer, or stay the present action

5    based on first to file principles (Dkt. # 18). Amazon stipulated to stay this case pending a

6    decision on the motion to transfer the Texas case. Uniloc declined Amazon's offer. Uniloc's

7    motion is pending before this Court.

8           Discovery is open in the Eastern District of Texas case. On September 6, 2017, Uniloc

9    served infringement contentions. On September 26, 2017, Judge Gilstrap appointed the jointly

10   agreed upon mediator. On October 4, 2017, Judge Gilstrap entered a jointly agreed discovery

11   order and docket control order. On November 15, 2017, Judge Gilstrap resolved a dispute

12   between the parties and entered a protective order.  On November 17, 2017, Amazon served

13   invalidity contentions.

14          The parties expect to leverage the agreements reached and orders entered in the Eastern

15   District of Texas case (consolidated case no. 2:17-cv-00354-JRG) to the extent the present case

16   is not dismissed, namely:

17          Agreed Discovery Order – Docket No. 40 (attached as Exhibit A).

18          Agreed Docket Control Order – Docket No. 41 (attached as Exhibit B).

19          Protective Order – Docket No. 61 (attached as Exhibit C).

20   **2.      Proposed Deadline for Joining Additional Parties:**

21          Plaintiffs' position: To be determined after a decision on Uniloc's pending motion to

22   dismiss, transfer, or stay. (Dkt. # 18.) The local rules and practices in the Western District of

23   Washington and the Eastern District of Texas differ significantly making the agreed procedures

24   in the Texas case inappropriate for blind adoption in the present case.

25          Defendants' position:  February 1, 2018, which is the same deadline to file amended

26   pleadings in the jointly agreed upon docket control order in the Eastern District of Texas

JOINT STATUS REPORT AND
DISCOVERY PLAN – 2
Case No. 2:17-cv-01307-JLR

1    action.

2    **3.**    **Consent to Magistrate Judge:**

3          No.

4    **4.**    **Proposed Discovery Plan Addressing Items Set Forth in FRCP 26(f)(3):**

5          **(A)**    **Initial Disclosures:**

6          The parties agree that the initial and additional disclosures served on October 11, 2017,

7    in the related Texas action, *Uniloc USA, Inc. et al v. RingCentral, Inc.*, 2-17-cv-00354 (E.D.

8    Tex) (lead case), shall serve as initial disclosures for purposes of this case.

9          **(B)**    **Subjects, timing, and potential phasing of discovery:**

10          **(a)**    **Subjects:**

11          The general subjects on which discovery will be needed include: any licensing of the

12    patents-in-suit, including the Microsoft agreement and contents thereof; alleged infringement

13    of the patents-in-suit; prosecution of the patents-in-suit; the validity and enforceability of the

14    patents-in-suit; the nature and operation of the accused product; and damages.

15          **(b)**    **Timing:**

16          Plaintiffs' position: To be determined pending a decision on Uniloc's pending motion

17    to dismiss, transfer, or stay (Dkt. # 18). All discovery completed in the Texas case is directly

18    transferrable to the present case. However, the local rules and practices in the Western District

19    of Washington and the Eastern District of Texas differ significantly making the agreed

20    procedures in the Texas case inappropriate for blind adoption in the present case.

21          Defendants' position:  utilize the scheduling provided in the agreed docket control order

22    (Exhibit B) and discovery order (Exhibit A) in the Eastern District of Texas action. Discovery

23    has opened in the Eastern District of Texas case with obligations to produce relevant

24    documents beginning on October 11, 2017 and an order to produce technical documents

25    corresponding to infringement contentions on November 17, 2017. Uniloc has already

26    produced 21,523 pages of documents. Amazon has produced 1,197 pages of prior art

documents and 407 pages of technical documents.  As further deadlines for production, the agreed docket control order (Exhibit B) provides that by March 8, 2018 that the parties have the following deadline:

> Deadline to Substantially Complete Document Production and Exchange Privilege Logs.  Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline.

In the agreed docket control order (Exhibit B), fact discovery closes on April 30, 2018.  That same date is also the deadline by which to file motions to compel discovery.

**(c)** **Potential Phasing**:

None.

**(C)** **Electronically Stored Information ("ESI")**:

The parties anticipate seeking electronically stored information and agree that such information shall be produced electronically. To the extent either party believes, on a case-by case basis, that documents should be produced in an alternative format, the parties agree that they will meet and confer in good faith concerning such alternative production arrangements. The parties further agree that they will meet and confer in good faith to ensure that the format of each party's production is compatible with the technical requirements of the receiving party's document management system.

Plaintiffs' position: Plaintiffs prefer to address these issues more thoroughly after the Court has ruled on the pending motion to dismiss, transfer, or stay.  The local rules and practices in the Western District of Washington and the Eastern District of Texas differ significantly making the agreed procedures in the Texas case inappropriate for blind adoption in the present case.

Defendants' position: utilize the scheduling provided in the agreed Docket Control Order (Exhibit B) and Discovery Orders (Exhibit A) in the Eastern District of Texas action.  In

1    particular, the parties have agreed in the Discovery Order (Exhibit A) to submit a proposed ESI

2    order to the Court: "The parties believe entry of an Order Regarding E-Discovery in Patent

3    Cases is appropriate and will be submitting such an order to the Court."

4        **(D)      Privilege Issues:**

5        The parties agree that they need not identify on privilege logs any privileged or work-

6    product documents, or privileged or work-product electronically stored information, which

7    were created after the date this action was filed.

8        Plaintiffs' Position: The local rules and practices in the Western District of Washington

9    and the Eastern District of Texas differ significantly making the agreed procedures in the Texas

10   case inappropriate for blind adoption in the present case.

11       Defendants Position:    Adopt the jointly agreed Discovery Order (Exhibit A) in the

12   Texas action where the parties additional agreed as follows:

13       ". . . privileged materials created by or on behalf of outside litigation counsel and
         communications with litigation counsel, regardless of their date, do not need to be
14       included on any privilege log. This does not include materials prepared by or on
         behalf of the law firms representing the parties in their capacity as prosecution
15       counsel, excluding privileged materials from IPR, CBM and post-grant review
         counsel. The parties reserve the right to request logs of specific kinds of
16       privileged materials otherwise excluded by the foregoing where good cause
17       exists."

18       **(E)      Proposed Limits on Discovery:**.

19       The parties will prepare a proposed Agreement Regarding Discovery of Electronically

20   Stored Information ("ESI Agreement") for the Court's consideration.

21       Plaintiffs' Position: The local rules and practices in the Western District of Washington

22   and the Eastern District of Texas differ significantly making the agreed procedures in the Texas

23   case inappropriate for blind adoption in the present case.

24       Defendants Position:    Adopt the jointly agreed Discovery Order (Exhibit A) in the

25   Eastern District of Texas action where limits were agreed to concerning interrogatories,

26

requests for admissions, deposition hours (party and expert).

**(F)** **Discovery Related Orders:**

The parties believe that a Protective Order under FRCP 26(c) will be required to limit the disclosure of confidential technical, commercial or other information and documents. The parties will prepare a proposed Protective Order for the Court's consideration.

Plaintiffs' position: Plaintiff requests that the Court stay all discovery until the Court decides the pending motion to dismiss, transfer, or stay. The local rules and practices in the Western District of Washington and the Eastern District of Texas differ significantly making the agreed procedures in the Texas case inappropriate for blind adoption in the present case.

Defendants' position: Adopt the Protective Order (Exhibit C) in the Eastern District of Texas action where Judge Gilstrap resolved several disputes between the parties.

**5.** **The Parties' Views, Proposals and Agreements on the Items Set Forth in LCR 26(f)(1):**

**(A)** **Prompt Case Resolution:**

The parties support prompt resolution of this case. The parties anticipate that specific proposals regarding prompt resolution may be made more clear following a decision on Uniloc's pending motion to dismiss, transfer, or stay and following Judge Gilstrap's ruling on Amazon's motion to transfer.

Plaintiffs' position: The local rules and practices in the Western District of Washington and the Eastern District of Texas differ significantly making the agreed procedures in the Texas case inappropriate for blind adoption in the present case.

Defendants' position: Adopt the agreed Docket Control Order (Exhibit A) in the Eastern District of Texas action, including the jointly agreed upon mediator and mediation dates. In the Eastern District of Texas action, the parties agreed to mediate before Hon. Jeff Kaplan on or before May 17, 2018.

**(B)** **Alternative Dispute Resolution ("ADR"):**

JOINT STATUS REPORT AND
DISCOVERY PLAN – 6
Case No. 2:17-cv-01307-JLR

Plaintiffs' position: Plaintiffs believe that ADR may be productive following a decision on Uniloc's pending motion to dismiss, transfer, or stay and following Judge Gilstrap's ruling on Amazon's motion to transfer.

Defendants' position: Defendants believe that mediation is the preferred method of Alternative Dispute Resolution. In the Eastern District of Texas action, the parties agreed to mediate before Hon. Jeff Kaplan on or before May 17, 2018.

**(C)** **Related Cases:**

Plaintiffs' position:

Uniloc filed a patent infringement action against Cisco Systems in the U.S. District Court for the Eastern District of Texas on December 30, 2015, entitled *Uniloc USA, Inc. et al v. Cisco Systems, Inc.*, No. 6:15-cv-1175-JRG (E.D. Tex.) ("*Cisco Sys.*"), alleging infringement of U.S. Pat Nos. 7,804,948, 7,853,000, and 8,571,194. On April 4, 2017, the *Cisco Sys.* Texas action was transferred to the U.S. District Court for the Western District of Washington pursuant to a venue provision in the Microsoft agreement, to which Cisco claims to be a third party beneficiary. The Washington case is entitled *Uniloc USA, Inc. et al v. Cisco Systems, Inc.*, No. 2-17-cv-00527-RAJ (W.D. Wash.).

On March 24, 2017, Uniloc filed a patent infringement action against Amazon in the U.S. District Court for the Eastern District of Texas, entitled *Uniloc USA, Inc. et al v. Amazon.com, Inc.et al*, 2-17-cv-00228-JRG (E.D. Tex.), alleging infringement of the same three patents at issue in the *Cisco Sys.* action. That case has been consolidated as *Uniloc USA, Inc. et al v. RingCentral, Inc.*, 2-17-cv-00354 (E.D. Tex) (lead case). On August 29, 2017, Amazon filed a motion to transfer the Eastern District of Texas action to the U.S. District Court for the Western District of Washington pursuant to the same venue provision in the same Microsoft agreement on which the court in *Cisco Sys.* relied on in transferring the Texas action to this Court.

In its opposition to Amazon's motion to transfer, Uniloc claims that no Microsoft

functionality has been accused in the Texas action.  As Amazon asserted in its motion to transfer and reply in support thereof, however, Uniloc's purported exclusion of the Microsoft functionality does not put its claims outside of the Microsoft agreement.  Regardless, in this Washington action, Amazon seeks a declaratory judgement that Amazon Chime, including Amazon Chime as it functions with Microsoft Windows, does not infringe the patents-in-suit.

Defendants' position:

Uniloc has been litigating the patents-in-suit in the Eastern District of Texas for over three years since November 2014.  Over that time period Uniloc has filed twenty-five actions, and approximately half have been settled.  There has been extensive Markman briefing by multiple parties, as well as, a Markman hearing.  To transfer the case out of the Marshall court would be a waste of judicial resources after three years of litigation, and that burden would be then be imposed on a district unfamiliar with this case.  Further, Amazon's unnecessary filing of a mirror case has already led to additional cost and delay and certainly a transfer would lead to additional cost and delay and unquestionably prejudices Uniloc.

| Name | Number | District | Filed |
|------|--------|----------|-------|
| Amazon.com, Inc et al v. Uniloc USA, Inc et al | 2-17-cv-01307 | WAWD | August 29, 2017 |
| Uniloc USA, Inc. et al v. Atlassian Corporation PLC et al | 2-17-cv-00352 | TXED | April 25, 2017 |
| Uniloc USA, Inc. et al v. Atlassian Corporation PLC et al | 2-17-cv-00353 | TXED | April 25, 2017 |
| Uniloc USA, Inc. et al v. RingCentral, Inc. | 2-17-cv-00354 | TXED | April 25, 2017 |
| Uniloc USA, Inc. et al v. RingCentral, Inc. | 2-17-cv-00355 | TXED | April 25, 2017 |
| Uniloc USA, Inc. et al v. Kik Interactive, Inc. | 2-17-cv-00346 | TXED | April 21, 2017 |
| Uniloc USA, Inc. et al v. Hike Ltd. | 2-17-cv-00348 | TXED | April 21, 2017 |
| Uniloc USA, Inc. et al v. Cisco Systems, Inc. | 2-17-cv-00527 | WAWD | April 4, 2017 |
| Uniloc USA, Inc. et al v. Amazon.com, Inc. et al | 2-17-cv-00228 | TXED | March 24, 2017 |
| Uniloc USA, Inc. et al v. Kakao Corp. | 2-16-cv-00576 | TXED | May 30, 2016 |
| Uniloc USA, Inc. et al v. Tencent America, LLC et al | 2-16-cv-00577 | TXED | May 30, 2016 |
| Uniloc USA, Inc. et al v. Google LLC | 2-16-cv-00566 | TXED | May 28, 2016 |
| Uniloc USA, Inc. et al v. Line Euro-Americas Corp. et al | 2-16-cv-00567 | TXED | May 28, 2016 |

| Name | Number | District | Filed |
|------|--------|----------|-------|
| Uniloc USA, Inc. et al v. Zoom Video Communications, Inc. | 2-16-cv-00568 | TXED | May 28, 2016 |
| Uniloc USA, Inc. et al v. TangoMe, Inc. d/b/a Tango | 6-16-cv-00380 | TXED | April 26, 2016 |
| Uniloc USA, Inc. et al v. ooVoo LLC | 6-16-cv-00324 | TXED | April 13, 2016 |
| Uniloc USA, Inc. et al v. Facebook, Inc. | 6-16-cv-00223 | TXED | March 18, 2016 |
| Uniloc USA, Inc. et al v. Viber Media Sarl | 6-16-cv-00224 | TXED | March 18, 2016 |
| Uniloc USA, Inc. et al v. WhatsApp Inc. | 6-16-cv-00225 | TXED | March 18, 2016 |
| Uniloc USA, Inc. et al v. Hauwei Device USA, Inc. et al | 6-16-cv-00099 | TXED | March 4, 2016 |
| Uniloc USA, Inc. et al v. NEC Corporation of America | 6-16-cv-00100 | TXED | March 4, 2016 |
| Uniloc USA, Inc. et al v. Unify Inc. | 6-16-cv-00101 | TXED | March 4, 2016 |
| Uniloc USA, Inc. et al v. Cisco Systems, Inc. | 6-15-cv-01175 | TXED | December 30, 2015 |
| Uniloc USA, Inc. et al v. Avaya Inc. | 6-15-cv-01168 | TXED | December 28, 2015 |
| Uniloc USA, Inc. et al v. ShoreTel, Inc. | 6-15-cv-01169 | TXED | December 28, 2015 |
| Uniloc USA, Inc. et al v. Genband US LLC | 2-15-cv-00578 | TXED | April 30, 2015 |
| Uniloc USA, Inc. et al v. Microsoft Corporation | 2-14-cv-01040 | TXED | November 13, 2014 |

Two cases list the Western District of Washington. The first is the present declaratory judgment action. The second, the *Cisco Sys*. action, was transferred from the Eastern District of Texas. The Cisco case was transferred under the venue provision because Uniloc specifically accused the product Cisco Jabber for Windows. On August 29, 2017, Amazon filed a motion to transfer the Eastern District of Texas action to the U.S. District Court for the Western District of Washington hoping to rely on the same venue provision in the Microsoft agreement. In its briefing in the Eastern District of Texas action, Uniloc explained why the *Cisco Sys*. action is different than the *Amazon* action. In particular, in the *Cisco Sys*. action, the accused product, Cisco Jabber for Windows, utilized Microsoft functionality, The key fact is completely missing in the *Amazon* action, where  all Microsoft functionality has been disclaimed and is NOT accused. In its briefing and infringement contentions, Uniloc clearly states:

> No allegation of infringement is made against, nor is Amazon Chime for Windows an accused product. The Accused Instrumentality specifically excludes any Microsoft Product or the use thereof as satisfying or providing a means for satisfying any element, step, portion or limitation of any Asserted Claim. ("Microsoft Exclusion"). As a result of the Microsoft Exclusion, no allegation of

infringement is made against the Chime client application when used in connection with Microsoft Windows and/or accessed through Microsoft Internet Explorer or Microsoft Edge web browsers.

Uniloc has specifically identified features outside of the Microsoft Exclusion. Should Amazon believe that any identified features of the Accused Instrumentality fall within the Microsoft Exclusion, Uniloc asks that Amazon immediately identify its full basis for such an argument for consideration by Uniloc.

(Dkt. 22-4 at Page 5 of 11, DocID#297)

**(D)** **Discovery Management:** The parties agree to work cooperatively to manage discovery in a cost-efficient manner.

**(E)** **Anticipated discovery sought:**

*See* 4(B) above.

**(F)** **Phasing Motions:**

None at this time.

**(G)** **Preservation of Discoverable Information:**

The parties have taken appropriate steps to preserve relevant information and documents.

**(H)** **Privilege Issues:**

*See* 4(D) above. The parties also agree to follow FRCP 26(b)(5) and FRE 502 regarding inadvertent production.

**(I)** **Model Protocol for Discovery of ESI:**

*See* 4(E) above. The parties are negotiating and will submit an ESI Agreement. The parties will submit an executed copy of the ESI Agreement for the Court's consideration.

**(J)** **Alternatives to Model Protocol:**

The parties offer no alternative to the ESI Agreement at this time.

**6.** **Date by Which Discovery Can Be Completed:**

Plaintiffs' position: To be determined after decision on Uniloc's motion to dismiss,

1
2
3

transfer, or stay (Dkt. # 18). The local rules and practices in the Western District of Washington and the Eastern District of Texas differ significantly making the agreed procedures in the Texas case inappropriate for blind adoption in the present case.

4
5
6
7

Defendants' position: Adopt the agreed upon dates in the Discovery Order (Exhibit B) and Docket Control Order (Exhibit A) in the Eastern District of Texas action. As to deadlines for production, the agreed docket control order provides that by March 8, 2018 that the parties have the following deadline:

8
9
10

> Deadline to Substantially Complete Document Production and Exchange Privilege Logs. Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline.

11
12

In the agreed Docket Control Order (Exhibit B), fact discovery closes on April 30, 2018.  That same date is also the deadline by which to file motions to compel discovery.

13
14

**7.     Bifurcation:**

None required at this time.

15
16
17

**8.     Pretrial Statements:**

The parties believe that the pretrial statements and pretrial order pursuant to Local Rules CR 16(e), (h), (i), and (l) and 16.1 should be employed in this case.

18
19
20

9.     **Individualized Trial Program or ADR :**

The parties do not intend to use the Individualized Trial Program describe at Local Rule 39.2. The parties also do not intend to utilize the Court's ADR procedures.

21
22
23

**10.    Other Suggestions for Shortening or Simplifying the Case:**

The parties anticipate filing summary judgment motions to narrow the issues prior to trial.

24
25
26

**11.    Date the case will be ready for trial:**

Plaintiffs' position: To be determined pending decision on Uniloc's motion to dismiss,

JOINT STATUS REPORT AND
DISCOVERY PLAN – 11
Case No. 2:17-cv-01307-JLR

transfer, or stay the case and on Amazon's motion to transfer the related case to the Western District of Washington currently pending in the Eastern District of Texas. The local rules and practices in the Western District of Washington and the Eastern District of Texas differ significantly making the agreed procedures in the Texas case inappropriate for blind adoption in the present case.

Defendants' position: Adopt the agreed upon dates in the Docket Control Order (Exhibit B) in the Eastern District of Texas action, namely a jury selection date of October 1, 2018.

**12.**     **Jury or non-jury:**

Jury.

**13.**     **Total number of trial days required:**

Five.

**14.**     **Names, addresses, and telephone numbers of trial counsel:**

**Counsel for Plaintiffs**

Cristofer Leffler
Stefan Szpajda
Madeline Hepler
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3000
Seattle, WA 98101-3299
(206) 447-4400

**Local Counsel for Defendants**

Phil Mann
THE MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
206-436-0900

***Pro Hac Vice* Counsel for Defendants**

James L. Etheridge
Ryan S. Loveless
Brett A. Mangrum
Travis Lee Richins
ETHERIDGE LAW GROUP, PLLC

JOINT STATUS REPORT AND
DISCOVERY PLAN – 12
Case No. 2:17-cv-01307-JLR

2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249

**15.**   **Known scheduling conflicts:**

The parties are not presently aware of any scheduling conflicts.

**16.**   **Report service and proposed scheduling:**

All parties have been properly served, and so no proposed schedule for this purpose is needed.

**17.**   **Scheduling conference:**

As soon as practicable after decision on Uniloc's motion to dismiss, transfer, or stay (Dkt. # 18).

**18.**   **Dates that nongovernmental corporate parties filed disclosure statements:**

Amazon filed its corporate disclosure statement on September 5, 2017, Dkt. # 4. Uniloc filed a corporate disclosure statement on March 24, 2017 in the Eastern District of Texas and repeated such a filing in this action on November 30, 2017.

**ADDITIONAL CONSIDERATIONS UNDER LOCAL PATENT RULE 110**

The parties believe that the additional considerations under Local Patent Rule 110 should be addressed following a decision on Uniloc's pending motion to dismiss, transfer, or stay. (Dkt. # 18).

JOINT STATUS REPORT AND
DISCOVERY PLAN – 13
Case No. 2:17-cv-01307-JLR

1    Dated this 1ˢᵗ day of December 2017.

2
                                         Respectfully submitted,
3
                                         By: *s/ Cristofer Leffler*
4
                                         Cristofer Leffler, WA State Bar No. 35020
5                                        Stefan Szpajda, WA State Bar No. 50106
                                         Madeline Hepler, WA State Bar No. 51597
6                                        FOSTER PEPPER PLLC
                                         1111 Third Avenue, Suite 3000
7                                        Seattle, WA 98101
                                         Telephone: (206) 447-4400
8                                        Fax: (206) 447-9700
                                         Email:cristofer.leffler@foster.com;
9                                        Email:stefan.szpajda@foster.com;
                                         Email:madeline.hepler@foster.com
10
                                         *Attorneys for Plaintiffs Amazon.com, Inc. and*
11                                       *Amazon Web Services, Inc.*

12                                       *s/ Ryan S. Loveless*

13                                       James L. Etheridge
                                         Texas State Bar No. 24059147
14                                       Ryan S. Loveless
                                         Texas State Bar No. 24036997
15                                       Brett A. Mangrum
                                         Texas State Bar No. 24065671
16                                       Travis Lee Richins
                                         Texas State Bar No. 24061296
17                                       ETHERIDGE LAW GROUP, PLLC
                                         2600 E. Southlake Blvd., Suite 120 / 324
18                                       Southlake, Texas 76092
                                         Telephone: (817) 470-7249
19                                       Facsimile: (817) 887-5950
                                         Jim@EtheridgeLaw.com
20                                       Ryan@EtheridgeLaw.com
                                         Brett@EtheridgeLaw.com
21                                       Travis@EtheridgeLaw.com

22                                       Philip P. Mann
                                         Washington State Bar No. 28860
23                                       The Mann Law Group
                                         1218 Third Avenue, Suite 1809
24                                       Seattle, Washington 98101
                                         206-436-0900
25                                       phil@mannlawgroup.com

26                                       *Attorneys for Defendants Uniloc U.S.A. Inc. and*
                                         *Uniloc Luxembourg S.A.*

JOINT STATUS REPORT AND
DISCOVERY PLAN – 14
Case No. 2:17-cv-01307-JLR

1

2

**CERTIFICATE OF SERVICE**

3        I hereby certify that on December 1, 2017, I electronically filed the foregoing

4  with the Clerk of the Court using the CM/ECF system which will send notification of

5  such filing to all counsel of record.

6

7

8

9

10                                   By:  *s/ Cristofer Leffler*
                                     Cristofer Leffler
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE
Case No. 2:17-cv-01307-JLR