UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNILOC USA, INC., et al., <br><br> Defendants. | CASE NO. C17-1307JLR <br><br> ORDER GRANTING MOTION TO STAY |

## I. INTRODUCTION

Before the court is Defendants Uniloc USA, Inc. and Uniloc Luxembourg, S.A.'s (collectively, "Uniloc") motion to stay this case pending *inter partes* review ("IPR") of the three patents-in-suit by the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("PTO"). (Mot. (Dkt. # 29); *see also* Not. of Stay (Dkt. # 31).) On the same day that Uniloc filed its motion to stay in this court, Uniloc filed a nearly identical motion in the co-pending case in the Eastern District of Texas, *Uniloc USA, Inc., et al. v. RingCentral, Inc.*, No. 2-17-cv-00354 (E.D. Tex.). (*See* Resp.

(Dkt. # 32) at 2.) On February 12, 2018, the Eastern District of Texas granted Uniloc's motion to stay pending IPR review. (*See id.*; *see also* Not. of Stay at 2-4.) In light of the Eastern District of Texas's decision, Plaintiffs Amazon.com, Inc. and Amazon Web Services, Inc. (collectively, "Amazon") do not oppose Uniloc's motion. (*See* Resp. at 2.) The court has considered the parties' submissions regarding the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS the motion for the reasons set forth below.

## II. BACKGROUND AND ANALYSIS

This case involves three patents-in-suit: U.S. Patent Nos. 7,804,948 (the "'948 Patent"), 7,853,000 (the "'000 Patent"), and 8,571,194 (the "'194 Patent"). (Compl. (Dkt. # 1) ¶ 11; Mot. at 2.) Uniloc filed a motion to dismiss on October 19, 2017, in part because of the first-filed co-pending case in the Eastern District of Texas. (MTD (Dkt. # 18) at 1.) In response, Amazon informed the court that it had moved to transfer the Eastern District of Texas proceedings to this court based on a forum selection clause. (MTD Resp. (Dkt. # 20) at 2.) Due in part to the pending motion to transfer in the Eastern District of Texas, the court delayed issuing an order regarding initial disclosures and a joint status report. (12/8/17 Order (Dkt. # 27) (citing Fed R. Civ. P. 16(b)(2) and Local Rules W.D. Wash. LCR 16(a)).) Seven IPRs have now been instituted that

//

//

---

[1] Neither party requests oral argument on the motion (Mot. at 1; Resp. at 1) and the court determines that oral argument would not be helpful to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

collectively involve the three patents-in-suit.[2] (Mot. at 3.) In addition, the Eastern District of Texas has stayed the related case pending IPR review. (Not. of Stay at 2, Ex. A (Dkt. # 31-1).)

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal citation omitted). Courts in the Ninth Circuit "often grant stays pending [the] IPR process in light of the 'liberal policy in favor of granting motions to stay proceedings pending the outcome of [PTO] reexamination or reissuance proceedings.'" *Roche Molecular Sys., Inc. v. Cepheid*, No. C-14-3228-EDL, 2015 WL 124523, at *3 (N.D. Cal. Jan. 7, 2015) (quoting *Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 WL 6672451, at *8 (N.D. Cal. Dec. 18, 2013)) (collecting cases); *see also Drink Tanks Corp. v. GrowlerWerks, Inc.*, No. 3:16-cv-410-SI, 2016 WL 3844209, at *2 (D. Or. July 15, 2016) (quoting *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 WL 7170593, at *4 (C.D. Cal. Dec. 19, 2012) ("Generally, courts apply a 'liberal policy in favor of granting motions to stay proceedings pending the outcome of PTO IPR proceedings.'")). In deciding whether to stay litigation pending IPR proceedings, courts examine "(1) the stage of the case; (2) whether a stay will simplify the court proceedings; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Roche Molecular Sys.*, 2015 WL

---

[2] The seven IPRs include: IPR2016-01756, IPR2017-00058, IPR2017-00198, IPR2017-00597, IPR2017-01685, IPR2017-1683, and IPR2017-1684. (Mot. at 2.)

124523, at *3. Whether to grant a stay falls within the court's discretion. *Drink Tanks*, 2016 WL 3844209, at *2 (citing *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 591 (2014)). Here, all three factors favor granting the stay.

First, this case is still at its earliest stage as the court has not even issued an order regarding initial disclosures and a joint status report. (*See* 12/8/17 Order.) Second, a stay will likely simplify the proceedings as the PTAB has instituted IPR review of all three patents-in-suit. (*See* Mot. at 2-3.) Third, a stay would not unduly prejudice Amazon— Amazon does not oppose the motion. (*See* Resp. at 2.) Therefore, the court finds that the relevant factors favor staying this case pending the IPR reviews of the '948 Patent, the '000 Patent, and the '194 Patent.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS Uniloc's motion (Dkt. # 29) and STAYS this case pending final exhaustion of the IPR proceedings to which the '948 Patent, the '000 Patent, and the '194 Patent are presently subject to. The court ORDERS the parties to file a joint status report no more than five (5) days after the PTAB completes the final IPR proceeding regarding the '948 Patent, the '000 Patent, and the '194 Patent or those proceedings are terminated in some other manner. In addition, the court ORDERS the parties to file a joint status report on July 1, 2018, and every six (6) months thereafter until the court lifts the stay. This stay is effective, but without

//

//

//

prejudice, to Uniloc's pending motion to dismiss (Dkt. # 18) and Amazon's opposition to that motion (Dkt. # 20).

Dated this 15th day of February, 2018.

JAMES L. ROBART
United States District Judge